UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

CRETE CARRIER CORPORATION, )
)
Plaintiff, )
)
vs. )
) No. 1:13-cv-00081-LJM-TAB
EDWARD M. STACHOWIAK, )
MARK D. KUDELA, )
MID-STATE CARTAGE, INC., )
)
Defendants. )

**ORDER ON MOTION TO AMEND COMPLAINT AND INITIAL DISCLOSURES**

Plaintiff Crete Carrier Corporation filed a motion to amend its complaint and initial

disclosures to include claims under Nebraska law, which permits recovery in excess of actual

damages. Defendants object to the amendment arguing that Plaintiff's motion is untimely,

prejudicial, and futile. For the reasons set forth below, Plaintiff's motion for leave to amend its

complaint and initial disclosures [Filing No. 43] is granted.

The Court should freely grant leave to a party to amend its pleadings when justice so

requires. Fed. R. Civ. P. 15(a)(2). However, when a party submits its motion to amend after the

applicable deadline for amending the pleadings, the party must demonstrate good cause to

amend.[1] Fed. R. Civ. P. 16(b)(4). Good cause under Rule 16 considers the diligence of the

moving party. *Trustmark Ins. Co. v. General & Cologne Life Re of America*, 424 F.3d 542, 553

---

[1] There is authority for the proposition that the moving party must show excusable neglect for
failing to amend within the CMP deadline. *See, e.g., Howell v. CSX Transp., Inc.,* Cause No.
2:11-cv-079JD, 2013 WL 1149599 (N.D. Ind. Mar. 18, 2013); *Adams v. City of Indianapolis,*
No. 1:09-cv-175-SEB-DML, 2011 WL 1752105 (S.D. Ind. May 6, 2011). The parties do not
argue the excusable neglect standard. They argue good cause. Thus, the Court proceeds using
the good cause standard.

(7th Cir. 2005).  Once the moving party establishes good cause, the Court applies Rule 15's

liberal standard.  *Shadeland Station Apartments I, LLC v. Realsource Brokerage Services, L.C.,*

*No. 1:09-cv-629-WTL-TAB, 2011 WL 1769012, at \*1 (S.D. Ind. May 5, 2011)*.

The Court ordered a June 14, 2013, deadline for filing motions to amend the pleadings.

Seven months after the deadline to amend the pleadings, Plaintiff submitted its motion for leave

to amend to include Nebraska Revised Statute 48-118 as a basis for damages.  Plaintiff asserts

that it originally limited recovery to actual damages in an effort to settle the case.  Now that

settlement is unlikely, Plaintiff requests leave to amend in an effort to seek all available

damages.  During settlement discussions, Plaintiff notified Defendants of its intention to seek

recovery of all damages in the event settlement was unsuccessful.  Defendants assert that

Plaintiff does not demonstrate good cause because it knew about the Nebraska statute but choose

not to pursue a claim earlier so that it could obtain settlement more easily.  The Court will not

deny a motion to amend merely because a party focused its efforts on settlement instead of

litigation.  Settlement is an efficient and effective approach to resolve disputes, and parties that

focus early efforts on settlement should not be penalized for doing so.  Moreover, Plaintiff

notified Defendants of its intention to include claims under Nebraska law if settlement was

unsuccessful and filed its motion less than a week after the settlement conference.  For the

purposes of Rule 16(b), Plaintiff demonstrates good cause.

Defendants argue that the motion is futile because Nebraska law is not applicable.  A

quick review of the facts suggests Nebraska law may be relevant going forward.  Plaintiff's

principal place of business is located in Nebraska.  David Baker, who was driving Plaintiff's

vehicle at the time of the accident and is central to this litigation, filed his workers compensation

claim in Nebraska.  Given the facts, a reasonable probability exists that Nebraska law is relevant.

Thus, amending the complaint to include a claim under the Nebraska statute is not futile.

Defendants argue that they will be prejudiced by such amendments, given that the

dispositive motion deadline has passed.[2]  The fact that the dispositive motion deadline has passed

supports Defendants' prejudice argument.  However, such prejudice is mitigated somewhat given

that the Court will need to address the application of Nebraska law at some point during the

course of litigation.[3]  Defendants assert that they are further prejudiced given that Baker is not a

party.  This argument is not convincing.  Baker recently voluntarily appeared in Florida for his

deposition and, according to Plaintiff's counsel, will attend the trial.  It is not entirely clear that

Baker will voluntarily turn over to Defendants his relevant medical documents, but the record

suggests Defendants' request for such documents was overbroad.  [Filing No. 63.]

When justice so requires, the Court must freely grant leave to amend.  Thus, Plaintiff's

motion for leave to amend its complaint and initial disclosure [Filing No. 43] is granted.  The

amended complaint and the amended initial disclosures attached [Filing No. 43-1; Filing No. 43-2] are deemed filed as of the date of this order.

Date: _____

---

[2]  Defendant Mark D. Kudela filed a motion for summary judgment asserting Indiana law does not apply to the case, to which Plaintiff has not yet responded.  Given that the Court is granting Plaintiff's motion to amend, the Court will have an opportunity in its order on summary judgment to address whether Nebraska law applies.  Thus, prejudice to Defendants is minimized.

[3]  To minimize prejudice, Defendants can seek to modify the CMP dispositive motion deadline.

Distribution:

Bruce D. Jones
CRUSER MITCHELL & GASTON LLC
bjones@cmlawfirm.com

Jennifer G Schlegelmilch
CRUSER MITCHELL & GASTON LLC
jschlegelmilch@cmlawfirm.com

Keith A. Gaston
CRUSER, MITCHELL & GASTON, LLC
kgaston@cmlawfirm.com

Danford Royce Due
DUE DOYLE FANNING  & METZGER
ddue@duedoyle.com

Orfej P. Najdeski
KOPKA PINKUS DOLIN & EADS, LLC
opnajdeski@kopkalaw.com

James H. Milstone
KOPKA, PINKUS DOLIN & EADS, LLC
jhmilstone@kopkalaw.com